UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ILEANA JIMENEZ,

    Petitioner,

v.    Case No: 2:17-cv-629-FtM-99CM

DAVID HARDIN, Glades County Sheriff, ELAINE DUKE, Acting Secretary, U.S. Department of Homeland Security, THOMAS D. HOMAN, Director, U.S. Immigration and Customs Enforcement, MARC MOORE, Field Office Director, Immigration and Customs Enforcement, Enforcement and Removal Operations, Miami, Florida, and CONRAD AGAGAN, Assistant Field Office Director, Immigration and Customs Enforcement, Enforcement and Removal Operations, Orlando, Florida,

    Respondents.

**ORDER**

This matter comes before the Court on Petitioner Ileana Jimenez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. #1) filed on November 17, 2017. Respondents filed their Response (Doc. #7) on March 5, 2018. The Petition is fully briefed and ripe for the Court's review.

## BACKGROUND

Petitioner, Ileana Jimenez, is a native and citizen of Cuba. She has resided in Miami, Florida for over twenty years. (Doc. 1 at ¶ 10). On February 5, 1990, Petitioner was convicted of possession with intent to sale or deliver cocaine and possession with intent to sell cannabis. Id. Petitioner was sentenced to eighteen month probation. Id. On March 21, 1990, Petitioner was granted permanent residence in the United States. Id.

On September 15, 2003, ICE issued a Notice to Appear and commenced removal proceedings pursuant to 8 U.S.C. § 1229. Id. at ¶ 11. Petitioner was taken into ICE custody on March 8, 2017. Id. at ¶ 11. On April 7, 2017, Petitioner was ordered removed from the United States by the Board of Immigration Appeals (BIA). Petitioner concedes that, as a result of this BIA decision, she is subject to an administratively final order of removal. Id. at ¶ 12.

On November 17, 2017, Petitioner filed her Petition seeking release from ICE custody arguing that there is no foreseeable likelihood of effectuating the outstanding order of removal. Petitioner was released from ICE custody on January 22, 2018. (Doc. #7 at 2).

## DISCUSSION

Petitioner avers that she had been custody longer than the six month period considered reasonable by the U.S. Supreme Court

in Zadvydas v. Davis, 533 U.S. 691-702 (2001), and should be released. For the reasons set forth below, the Court concludes that this action must be dismissed as moot.

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Al Najjar v. Ashcroft, 273 F.3d 1330, 1335–36 (11th Cir. 2001) (internal punctuation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." Id. at 1336.

However, dismissal after release is not automatic; a habeas petition continues to present a live controversy after the petitioner's release or deportation when there is some remaining "collateral consequence" that may be redressed by success on the petition. See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998) ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."); Lopez v. Gonzales, 549 U.S. 47, 52 n.2 (2006) (case not mooted by petitioner's deportation because the petitioner could still benefit by pursuing his application for cancellation of removal). This exception to the mootness doctrine applies when: (1) the challenged action is too

short in duration to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again. Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Carafas v. LaVallee, 391 U.S. 234, 237 (1968); Murphy v. Hunt, 455 U.S. 478, 482 (1982).

Here, Petitioner does not challenge the underlying deportation order. Instead she only seeks release from ICE custody. Therefore, Petitioner's claim was resolved when she was removed from ICE custody. Because Petitioner was released from custody pending removal from the United States, the chances of her extended detention happening again are too speculative to create a controversy sufficient to support a claim for relief, and the exception to the mootness doctrine does not apply. See Ijaoba v. Holder, Case No. 4:12-cv-3792-JHH-RRA, 2013 WL 1490927, at *1 (N.D. Ala. 2013) (holding "[s]ince the petitioner has been released pending his deportation to Nigeria, the circumstances of this case happening again are too speculative to create an actual controversy sufficient to support a claim for relief.").

Since the Court can no longer give Petitioner any meaningful relief, her § 2241 Petition is moot and "dismissal is required because mootness is jurisdictional." See Al Najjar, 273 F.3d at 1336, 1253; Riley v. I.N.S., 310 F.3d 1253 (10th Cir. 2002) (release from detention under an order of supervision moots a

petitioner's challenge to the legality of his extended detention); Nunes v. Decker, 480 F. App'x 173, 175 (3d Cir. 2012) (release of alien under order of supervision who challenged only his extended detention mooted § 2241 habeas petition because the alien "achieved the result he sought in his habeas petition").

Accordingly, it is hereby

**ORDERED:**

Petitioner Ileana Jimenez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. s 2241 (Doc. #1) is **DISMISSED.**

The Clerk of the Court is directed enter judgment accordingly, terminate any pending deadlines or motions, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___17th___ day of April, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
SA: FTMP-2